**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

RECEIVED

2022 MAR -4  A 10: 59

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JOHN MULLINS,                              )

    PLAINTIFF,                            )

                                          )

V.                                         )   CIVIL ACTION NO.:

                                          )   3:22-cv-112-

ALATRADE, INC.,                            )

                                          )

    DEFENDANT                             )   JURY DEMAND

                                          )

## COMPLAINT

### I.   INTRODUCTION

1.   This is an action alleging Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 621 et seq. Plaintiff is entitled to equitable relief including reinstatement as well as liquidated damages, backpay, and attorneys' fees and costs.

### II.   JURISDICTION

2.   This Court has jurisdiction in accordance with 28 U.S.C. § 1331, 1343, 2201, 2202, 42 U.S.C. § 12117, 42 U.S.C. § 12133. Venue is proper Eastern Division of the Middle District of Alabama pursuant to 28 U.S.C. § 1391.

3.   Plaintiff has fulfilled all conditions precedent to the institution of this action

1

under the ADEA. Plaintiff timely filed his charge of discrimination on August 18, 2021 which was within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed his Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the EEOC on December 21, 2021.

## III. PARTIES

4. Plaintiff is a citizen of the United States and a resident of the State of Georgia, and he worked for Defendant at its plant in Phenix City, Alabama.

5. Defendant AlaTrade, Inc. (hereinafter "Defendant") is an entity subject to suit under the ADEA.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff is a sixty nine (69) year old man who started working with Defendant in May 2021 when Defendant hired him at an employment event put on by American Legion.

7. When Plaintiff began his employment, his job was to keep condensation wiped down on the doors to prevent accidents from happening, and he worked between forty and forty-eight hours a week.

8. Superintendent Denise Taylor was Plaintiff's supervisor, and she was not

2

involved in the decision to hire Plaintiff.

9. Around July 2021, Plaintiff had pain in his hip and went to the emergency room on a Saturday.

10. Plaintiff tried to return to work that following Monday and provided the plant nurse, a younger woman, with his medical diagnosis, which was arthritis of the hip joint.

11. In its response to Plaintiff's EEOC Charge, Defendant explained how Superintendent Denise Taylor, who is significantly younger than Plaintiff, tried to prohibit Plaintiff from returning to work. Defendant stated as follows:

> Mr. Mullins's supervisor, Denise Taylor (who was the Superintendent at the time), noticed he (Mullins) appeared to be in significant pain and was having difficult (sic) standing upright, being bent at the waist, and difficulty walking. To ensure Mr. Mullins was medically able to perform his specific job functions in light of his apparent pain and what appeared to be difficulty walking, and to ensure that the line on which MR. Mullins was working would not be affected, AlaTrade asked Mr. Mullins to provide a more thorough Return to Work form, including his capacity to perform the essential duties in deboning.

12. Taylor likely contacted the plant nurse about her concerns of Plaintiff being "bent at the waist," as the nurse instructed Plaintiff to obtain additional information before he would be allowed to return to work.

13. Plaintiff returned to the Emergency Room and obtained the requested additional medical information; however, the plant nurse refused to allow Plaintiff to return to work, and told him the medical records he had provided were insufficient.

14. Plaintiff then went to his primary doctor, got a return-to-work order and brought that to the nurse.

15. Again, the nurse refused to accept that doctor's return to work notice, and demanded Plaintiff get tested for lifting forty to one hundred pounds and bending.

16. Plaintiff completed the test and the nurse allowed Plaintiff to return to work on August 3, 2021.

17. The first day Plaintiff returned to work, August 3, 2020, Superintendent Taylor reassigned Plaintiff from his original location in the plant to a new location and a new job working on the line processing chickens.

18. On his first day back to work, Plaintiff left the line and walked to the closest bathroom in the area.

19. When Plaintiff tried to return to his newly assigned work area, he was not sure of the fastest route back to his work station on the line.

20. Plaintiff asked a co-worker to point him to the chicken skin area where he had been working.

21. Superintendent Taylor overheard Plaintiff request directions to his work area, and she told Plaintiff to follow her.

22. When Plaintiff asked Taylor why he was following her and where they going, Taylor told Plaintiff she was taking him to see the nurse because she was not having him get hurt on this job.

23. Defendant stated in its EEOC position statement as follows:

> On August 3, 2021 Mr. Mullins appeared confused and
> disoriented after leaving the restroom. Mullins's supervisor,
> Denise Taylor . . . asked him to follow her to the nurse so he
> could be "checked out." She was concerned about his apparent
> disorientation. Mr. Mullins asked where she was taking him,
> and she told him she was taking him to the nurse.

24. The above rendition of what happened is false and is created as a pretext for age discrimination.

25. Plaintiff told Taylor he was not lost or confused, he just did not want to lose time getting back to his new work station.

26. Superintendent Taylor took Plaintiff to the break room and asked Plaintiff to sit down.

27. Plaintiff told Taylor that he did not need to sit down, he was fine and wanted to get back to work.

5

28. Taylor called plant security, and the guard came and left without incident.

29. Taylor issued Plaintiff a writeup for "insubordination", which Plaintiff refused to sign because it was false, and Taylor suspended Plaintiff for three (3) days.

30. Defendant stated in its position statement that the "insubordination" committed by Plaintiff was Plaintiff not promptly sitting when Taylor asked him to sit.

> According to the report from Ms. Taylor:
>
>> Associate came back from restroom and said he didn't remember where to go. I derection [sic] the associate to follow me. He reply [sic] where we going. I said to see the nurse. His resuposed [sic] you dirty. I asked him to sit down and he said "No."
>
> Mr. Mullins was eventually sent home with a three-day suspension and terminated for insubordination.

31. However, Plaintiff did sit down, and was seated when the security guard arrived.

32. Defendant terminated Plaintiff during the time period he was suspended from work.

33. But for Plaintiff's age Defendant would not have terminated his

6

employment.

34. Defendant replaced Plaintiff with a significantly younger employee.

## V.    CAUSES OF ACTION

### COUNT I – AGE DISCRIMINATION UNDER ADEA

35. Plaintiff brings this Count pursuant to the ADEA.

36. Plaintiff is over forty years old.

37. Defendant discriminated against Plaintiff on the basis of age by taking adverse employment actions against him which affected the terms and conditions of his employment, including terminating Plaintiff because of his age.

38. Other younger employees have engaged in the conduct Defendant alleges as the reason for terminating Plaintiff, but Defendant did not terminate those employees.

39. Plaintiff replaced Plaintiff with a significantly younger employee.

40. But for Plaintiff's age, he would not have been terminated.

41. Defendant has failed to articulate a legitimate, nondiscriminatory reason for the adverse employment actions it took against Plaintiff.

42. Said discrimination was done willfully and intentionally.

## VI.    Damages

7

43.    Plaintiff has suffered lost wages as a consequence of the defendant's unlawful conduct.

## VI.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant, including the action taken against Plaintiff by defendant, are violative of Plaintiff's rights as secured by the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 621 et seq. and 42 U.S.C. Section 1981a.

2.    Grant Plaintiff reinstatement into the position he would have had at the appropriate pay absent the discriminatory termination, a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant, and at the defendant's request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to any of the above-named statutes.

3.    Award Plaintiff damages including back pay plus interest, front pay if proper reinstatement is not possible, post judgment interest, nominal damages, and

8

liquidated damages.

4.      Award Plaintiff reasonable costs, attorney's fees, and expenses.

5.      Award such other relief and benefits as the cause of justice may require.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,

Jon C. Goldfarb (asb-5401-F58J)
L. William Smith (asb-8660-A61S)
Christina Malmat (asb-1214-y44q)
Lieselotte Carmen-Burks (asb-8304-t46e)
Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESS:**
AlaTrade Inc.
c/o Davis B. Lee, Sr.
85 North Ridge Dr.
Union Grove, AL 35175